UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DON CAMPBELL, ) | |
| ) | |
| Petitioner, ) | |
| v.          ) | No: 2:15-cv-00264-JMS-DKL |
| ) | |
| BRUCE LEMMON, et al., ) | |
| ) | |
| Respondents. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Don Campbell is a state prisoner who seeks a writ of habeas corpus. The matter is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). This requires that the petitioner have suffered some sanction which has either caused his confinement or has extended the anticipated duration of his confinement.

Campbell, however, complains only of his classification and placement. "Classifications of inmates implicate neither liberty nor property interests . . . ." *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998)(citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)); *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."). He alleges that if he had a more favorable placement, from his perspective, he would participate in programs which could result in the earning of credit toward his sentence. But due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence," *Sandin,* 515 U.S. at 487, and, as has been noted, "the successful completion of a program is not inevitable." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000); *see also Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1996); *Persechini v. Callaway*, 651 F.3d 802, 807–08 (8th Cir. 2011); *Wilson v. Jones*, 430 F.3d 1113, 1119 (10th Cir. 2005); *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000).

It is thus apparent that Campbell has not suffered a loss or treatment implicating the limited due process protections which attend his status as a convicted offender. When no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). Even if the court could conclude otherwise with respect to Campbell's placement or the conditions of his confinement, his remedy would not be a writ of habeas corpus. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004)("State prisoners who want to raise a constitutional challenge to a[ ] . . . decision[ ] such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must . . . employ [42 U.S.C.] § 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all . . . .").

Campbell's petition for writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition is therefore summarily denied and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.* His request to proceed *in forma pauperis* [dkt 2] is granted.  To the extent Mr. Campbell brings a claim for retaliation, it is improperly raised in this habeas proceeding.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: _09/01/2015_

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DON CAMPBELL
245974
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135